COPY

1  Ronald P. Oines (State Bar No. 145016)
   Email: roines@rutan.com
2  Heather N. Herd (State Bar No. 217521)
   Email: hherd@rutan.com
3  RUTAN & TUCKER, LLP
   611 Anton Boulevard, Fourteenth Floor
4  Costa Mesa, California 92626-1931
   Tel: 714-641-5100
5  Fax: 714-546-9035

6  Attorneys for Plaintiff
   LIQUID SEPARATION, INC.

FILED
2009 JUL 30 PM 4:16

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LIQUID SEPARATION, INC. a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>ECO 1ST TECHNOLOGY GROUP, a California Corporation; WILLIAM STEVEN LOPES, an individual; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. CV 09-5611 PSG (SHx)<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR:**<br><br>1. **PATENT INFRINGEMENT**<br>2. **TRADE SECRET MISAPPROPRIATION**<br>3. **CONVERSION**<br>4. **FALSE ADVERTISING [LANHAM ACT]**<br>5. **UNFAIR BUSINESS PRACTICES [B&P CODE §17200, ET SEQ.]**<br>6. **BREACH OF FIDUCIARY DUTY**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff LIQUID SEPARATION, INC. ("LSI"), for its Complaint against Defendants ECO 1ST TECHNOLOGY GROUP ("Eco 1st"), WILLIAM STEVEN LOPES ("Mr. Lopes") and DOES 1 through 10, inclusive, (Eco 1st, Mr. Lopes and Does 1 through 10 are sometimes referred to collectively as "Defendants") alleges as follows:

## JURISDICTION AND VENUE

1. This is a civil action that arises in part under the Patent Laws of the United States, 35 U.S.C. §§ 1, *et seq.*, and the Lanham Act, 15 U.S.C. §§1051 *et*

1. *seq.*

2. Jurisdiction over this matter is conferred on the Court by 28 U.S.C. §§ 1331 and 1338, and 15 U.S.C. §1121. This Court has supplemental jurisdiction over the claims not brought under a federal statute because those claims are related to, and form part of the same case or controversy as, the federal question claims.

3. The Court has personal jurisdiction over Defendants by virtue of their presence in this judicial district and because the activities complained of herein have occurred and are occurring in part in this judicial district. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b) and (c).

## THE PARTIES

4. LSI is a California corporation having its principal place of business in Orange County, California, at 6879 Oran Cir., Buena Park, California. LSI is the developer and owner of a proprietary system and products used to process water.

5. LSI alleges on information and belief that Eco 1st is a California corporation with a principal place of business at 1323 B. East Saint Gertrude Place, Santa Ana, California.

6. LSI alleges on information and belief that Mr. Lopes is an individual residing in Orange County, California. On information and belief, Mr. Lopes is the founder and CEO of Eco 1st.

7. The true names and capacities, whether individual, corporate, associate or otherwise, of defendants DOES 1 through 10, inclusive, are unknown to LSI, which therefore sues said defendants by such fictitious names. LSI will seek leave of this Court to amend this Complaint to include their proper names and capacities when they have been ascertained. LSI is informed and believes, and based thereon alleges, that each of the fictitiously named defendants participated in and is in some manner responsible for the acts described in this Complaint and the damage resulting therefrom.

8. LSI alleges on information and belief that each of the defendants

named herein as Does 1 through 10, inclusive, performed, participated in, or abetted in some manner, the acts alleged herein, proximately caused the damages alleged hereinbelow, and are liable to LSI for the damages and relief sought herein.

9. LSI alleges on information and belief that, in performing the acts and omissions alleged herein, and at all times relevant hereto, each of the defendants was the agent and employee of each of the other defendants and was at all times acting within the course and scope of such agency and employment with the knowledge and approval of each of the other defendants.

## NATURE OF THE CASE

10. LSI is in the business of developing, manufacturing, selling and leasing water processing units used in various industries. LSI was founded in 1994 by Ralph E. Smith, Jr., Richard L. O'Connor and Mr. Lopes. Mr. Lopes worked for LSI for nearly 14 years as its Vice President of Engineering & Sales, and was a member of the board of LSI until May 13, 2008, when he resigned from the board and terminated his employment with LSI. Mr. Lopes was also a part owner of LSI until May 13, 2008, at which point he transferred his entire ownership interest in the company to Mr. Smith and Mr. O'Connor in exchange for valuable consideration, including an agreement by LSI, Mr. Smith and Mr. O'Connor that they would not seek to recover any of the significant amounts Mr. Lopes owed to LSI.

11. LSI is also the owner of all right, title and interest in and to United States Patent no. 5,683,579, entitled "Magnetic Fluid Conditioner And Separation Apparatus," which issued on November 4, 1997 (the "'579 Patent").

12. In addition to its '579 Patent, LSI owns other intellectual property, including "trade secrets," within the meaning of the California Uniform Trade Secrets Act, California Civil Code, sections 3426 *et seq.* These trade secrets include, for example, client lists and information about clients, and technical drawings.

13. In or around the Fall of 2007 and thereafter, Mr. Smith was dealing

with a significant health issue involving his Wife, and Mr. O'Connor was dealing with a significant personal health issue. At that time, therefore, Mr. Lopes was, for the most part, handling the day-to-day operations of LSI. In or around May, 2008, Mr. Smith and Mr. O'Connor became suspicious that Mr. Lopes was acting in a manner that was not in the best interests of LSI. For example, they learned that Mr. Lopes had been purporting to sell for his own benefit certain technology and intellectual property that belonged to LSI. On May 13, 2008, a meeting was held among Mr. Smith, Mr. O'Connor and Mr. Lopes, at which point Mr. Lopes resigned from LSI.

14. In or around June, 2008, Mr. Smith and Mr. O'Connor were shocked to learn that Mr. Lopes had taken from LSI (1) inventory of water processors, (2) manufacturing jigs, tools and other equipment used to make the processors, (3) technical drawings and specifications, (4) client lists and client information, (5) equipment and project photos, and (6) computers that contain, among other things, confidential, proprietary, trade secret information, including customer information. Essentially, Mr. Lopes, without permission, had taken the assets and intellectual property of LSI and started his own company in direct competition with LSI. Defendants' conduct has caused LSI significant damages, including a lost opportunity to sell LSI for as much as $2,000,000.

15. In or around mid-July, 2009, LSI learned that Mr. Lopes had started Eco 1st, apparently for the purpose of making and selling water processer systems that are virtually identical to the water processer systems that are sold by LSI. In fact, LSI was shocked to learn that Eco 1st's webpage, www.eco1st.net, includes, among other things, pictures owned by LSI of LSI's water processors and testimonials from LSI's customers about LSI products. By using pictures of LSI's products and testimonials to advertise Defendants' products, Defendants are intentionally and unlawfully misleading the public. Such conduct constitutes, among other things, false advertising under the Lanham Act.

16. Although LSI believes Mr. Lopes has engaged in additional wrongful conduct that LSI is not yet aware of, it has become abundantly clear, based on what LSI now knows, that Mr. Lopes has essentially raided LSI, taken its physical and intellectual property, and started a competing company.

## FIRST CLAIM FOR RELIEF

### (Patent Infringement Against All Defendants)

17. LSI realleges each and every allegation set forth in paragraphs 1 through 16, inclusive, and incorporates them herein by this reference.

18. By making, using, selling, offering for sale, and/or importing into the United States water processing systems that contain each and every element of one or more claims of the '579 Patent, Defendants have infringed and are infringing the '579 Patent and will continue to do so, unless enjoined by this Court. Defendants are liable for direct infringement and/or for contributory or inducing infringement under 35 U.S.C. § 271 (b) and (c).

19. Defendants' infringement of the '579 Patent has been and will continue to be willful, wanton and deliberate with full knowledge and awareness of LSI's patent rights and without license from LSI. In light of the willful nature of Defendants' conduct, this is an "exceptional" case under the Patent Laws, which entitles LSI to its attorneys' fees and enhanced damages.

20. LSI has been damaged in an amount to be determined at trial, but which is no less than a reasonable royalty, and irreparably injured by Defendants' infringing activities. LSI will continue to be so damaged and irreparably injured unless such infringing activities are enjoined by this Court.

## SECOND CLAIM FOR RELIEF

### (Misappropriation of Trade Secrets Against All Defendants)

21. LSI realleges each and every allegation set forth in paragraphs 1 through 20, inclusive, and incorporates them herein by this reference.

22. LSI possesses confidential and proprietary information not generally

known in the industry, to the public, or to others who can realize economic value from its disclosure or use, including without limitation: (1) client lists and information about clients and technical drawings (the "Trade Secrets").

23. LSI's confidential and proprietary information derives independent economic value from its secrecy. LSI has taken reasonable measures under the circumstances to maintain the secrecy of its Trade Secrets.

24. Defendants have taken LSI's Trade Secrets and have wrongly used them for their own benefit, to the detriment of LSI, for the purpose of establishing and operating Eco 1st to directly compete with LSI.

25. As a direct and proximate result of Defendants' conduct, LSI has suffered and will suffer immediate and irreparable injury not compensable by money damages. LSI is informed and believes, and thereon alleges that it has no adequate remedy at law and unless restrained by this Court, Defendants will continue the acts herein complained of. Preliminary and permanent injunctive relief is, therefore, necessary. A permanent injunction should issue to remedy Defendants' conduct pursuant to Civil Code Section 3426.2.

26. LSI also has been, and will be, damaged by Defendants' conduct, in an amount to be proven at trial. Defendants' conduct is and has been willful, with a conscious disregard for LSI's rights. LSI, therefore, seeks an award of exemplary damages pursuant to Civil Code Section 3426.3 and attorneys' fees and expert fees pursuant to Civil Code Section 3426.4, or as otherwise authorized by law.

## THIRD CLAIM FOR RELIEF

### (Conversion Against All Defendants)

27. LSI realleges each and every allegation set forth in paragraphs 1 through 26, inclusive, and incorporates them herein by this reference.

28. LSI is informed and believes that Defendants have converted LSI's property to their own use by misappropriating, among other things, the items described in paragraphs 14 and 15 above.

29. Defendants have used, and continue to use this converted property for their own benefit, and to gain a competitive advantage over LSI.

30. As a direct and proximate result of Defendants' conduct, LSI has suffered substantial damage. LSI is entitled to its damages suffered as a result of Defendants' conduct in an amount that will be determined at trial. LSI is also entitled to have its property returned immediately.

31. Defendants' acts were intentional, malicious, fraudulent and oppressive, and were done with the intent and design to damage LSI. LSI is entitled to recover punitive damages in an amount to be determined at trial.

## FOURTH CLAIM FOR RELIEF

### (False Advertising [Lanham Act] Against All Defendants)

32. LSI realleges each and every allegation set forth in paragraphs 1 through 31, inclusive, and incorporates them herein by this reference.

33. By using LSI's photographs of LSI's products, LSI's testimonials about its products, and otherwise stating or implying that LSI's products are actually Defendants' products, Defendants are likely to cause confusion or mistake or to deceive as to an affiliation, connection or association between LSI and Defendants. Likewise, by this conduct, Defendants are misrepresenting the nature, characteristics or qualities of Defendants' products. Defendants' conduct constitutes deliberate and intentional violations of the Lanham Act, 15 U.S.C. § 1125(A) and (B).

34. Defendants' conduct has caused and is causing damages, as well as irreparable harm to LSI for which there is no adequate remedy at law. As a result, LSI is entitled to injunctive relief and damages. Additionally, given the willful nature of Defendants' conduct, this is an "exceptional" case under the Lanham Act, entitling LSI to its attorneys' fees incurred herein and enhanced damages.

## FIFTH CLAIM FOR RELIEF

### (Business & Professions Code Section 17200 Against all Defendants)

35. LSI realleges each and every allegation set forth in paragraphs 1 through 34, inclusive, and incorporates them herein by this reference.

36. The conduct of Defendants as described herein, constitutes unlawful, unfair, and fraudulent business practices in violation of California Business and Professions Code Section 17200.

37. As a direct and proximate result of Defendants' conduct, LSI has suffered and will continue to suffer damage. Unless enjoined by this Court, Defendants' unlawful acts have and will continue to cause great and irreparable injury to LSI. LSI has no other adequate remedy at law for such acts and threatened acts, and therefore pursuant to California Business and Professions Code Section 17203, an injunction should issue, as requested in the Prayer below.

38. Furthermore, Defendants have profited and will in the future profit unjustly from their unfair business practices. Accordingly, pursuant to Business and Professions Code Section 17203, LSI seeks an award representing the amount of ill-gotten gains that must be disgorged by Defendants.

## SIXTH CLAIM FOR RELIEF

### (Breach of Fiduciary Duty Against Mr. Lopes)

39. LSI realleges each and every allegation set forth in paragraphs 1 through 38, inclusive, and incorporates them herein by this reference.

40. As state above, up until his resignation on May 13, 2008, Mr. Lopes was an Officer and Director of LSI. As a result, he owed LSI the highest duties of loyalty and fidelity, and was obligated not to put his own interests ahead of the interests of LSI, or take actions to the detriment of LSI's interests.

41. On information and belief, Lopes breached his fiduciary duties to LSI by taking physical and intellectual property belonging to LSI as described above, and by otherwise taking steps while still an Officer, Director and employee of LSI

to form a competing company using such physical and intellectual property of LSI. Among other things, although Mr. Lopes did not resign from LSI until May 13, 2008, on information and belief, he was involved in the formation of Eco 1st, which was incorporated on April 23, 2008. As a result of Mr. Lopes breach of fiduciary duty, LSI has suffered damages in an amount to be proven at time of trial.

42. Mr. Lopes' conduct was done with a conscious disregard of the rights of LSI and with the intent to vex, injure, or annoy such as to constitute oppression, fraud, or malice, entitling LSI to punitive damages in an amount appropriate to punish or set an example of Mr. Lopes.

## PRAYER FOR RELIEF

WHEREFORE, LSI prays for judgment against Defendants, and each of them, as follows:

A. That Defendants, their officers, directors, agents, servants, employees, and all persons and entities in active concert or participation with them, or any of them, be preliminarily and permanently enjoined and restrained from further infringement of the '579 Patent;

B. A judgment by the Court that Defendants have infringed and are infringing the '579 Patent;

C. An award of damages for infringement of the '579 Patent, together with prejudgment interest and costs, said damages to be trebled by reason of the intentional and willful nature of Defendants' infringement, as provided by 35 U.S.C. § 284;

D. An award of LSI's reasonable attorneys' fees pursuant to 35 U.S.C. § 285 in that this is an exceptional case;

E. That Defendants, their officers, directors, agents, servants, employees, attorneys and all persons, firms and corporations in active concert or participation with them or any of them, be

preliminarily and permanently enjoined and restrained from using, or allowing others to use LSI's Trade Secrets;

  F. For restitution of any money or property Defendants' wrongfully obtained, pursuant to principles of unjust enrichment and Business and Professions Code section 17203;

  G. For attorneys' fees and expert expenses pursuant to Civil Code section 3426.4.

  H. That Defendants, their officers, directors, agents, servants, employees, and all persons and entities in active concert or participation with them, or any of them, be preliminarily and permanently enjoined and restrained from using LSI's products, photographs or testimonials in promoting Defendants' products or otherwise making misrepresentations about Defendants' or LSI's products;

  I. That LSI have and recover from Defendants reasonable attorneys' fees, costs and disbursements relating to this action because this is an "exceptional case" pursuant to the Lanham Act, or as otherwise authorized by applicable law;

  J. That the Court grant LSI restitution from Defendants by disgorgement of all profits earned through Defendants conduct;

  K. That Defendants pay compensatory damages according to proof;

  L. That Defendants pay punitive damages to LSI;

  M. That any monetary award include pre- and post-judgment interest at the highest rate allowed by law;

  N. For costs of suit;

  O. That Defendants be ordered to return all property belonging to LSI; and

| | |
|---|---|
| 1 | P. For such other and further relief as the Court may deem |
| 2 | just and proper. |

Dated: July 30, 2009

RUTAN & TUCKER, LLP
RONALD P. OINES
HEATHER N. HERD

By: _____
Ronald P. Oines
Attorneys for Plaintiff LIQUID SEPARATION, INC.

## DEMAND FOR JURY TRIAL

LSI hereby demands a trial by jury.

Dated: July 30, 2009

RUTAN & TUCKER, LLP
RONALD P. OINES
HEATHER N. HERD

By: _____
Ronald P. Oines
Attorneys for Plaintiff LIQUID SEPARATION, INC.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY**

This case has been assigned to District Judge Philip S. Gutierrez and the assigned discovery Magistrate Judge is Stephen J. Hillman.

The case number on all documents filed with the Court should read as follows:

```
CV09- 5611 PSG (SHx)
```

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

---

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [X] Western Division | [ ] Southern Division | [ ] Eastern Division |
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

CV-18 (03/06)   NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

Ronald P. Oines SBN 145016
roines@rutan.com
Heather N. Herd SBN 217521, hherd@rutan.com
Rutan & Tucker, LLP
611 Anton Boulevard, Fourteenth Floor
Costa Mesa, CA 92626
Telephone: 714-641-5100
Attorneys for Plaintiff Liquid Separation, Inc.

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LIQUID SEPARATION, INC. a California corporation,<br>PLAINTIFF(S)<br>V.<br>ECO 1ST TECHNOLOGY GROUP, a California Corporation; WILLIAM STEVEN LOPES, an individual; and DOES 1 through 10, inclusive,<br>DEFENDANT(S). | CASE NUMBER<br><br>CV 09-5611 PSG (SHx)<br><br>SUMMONS |

TO:DEFENDANT(S): _____

   A lawsuit has been filed against you.

   Within <u>20</u> days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☒ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, <u>Ronald P. Oines, Heather N. Herd, Rutan & Tucker, LLP</u>, whose address is <u>611 Anton Boulevard, Fourteenth Floor, Costa Mesa, CA  92626</u>. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: JUL 3 0 2009       By: _____
                                  Deputy Clerk

                              (Seal of the Court)

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

---

CV-01A (12/07)                SUMMONS                American LegalNet, Inc.
                                                    www.USCourtForms.com

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
LIQUID SEPARATION, INC. a California corporation,

**DEFENDANTS**
ECO 1ST TECHNOLOGY GROUP, a California Corporation; WILLIAM STEVEN LOPES, an individual; and DOES 1 through 10, inclusive,

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
Ronald P. Oines, SBN 145016, roines@rutan.com
Heather N. Herd SBN 217521, hherd@rutan.com
Rutan & Tucker, LLP, 611 Anton Boulevard, Fourteenth Floor
Costa Mesa, CA 92626
Telephone: 714-641-5100

**Attorneys** (If Known)

**II. BASIS OF JURISDICTION** (Place an X in one box only.)
- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify):
- ☐ 6 Multi-District Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check 'Yes' only if demanded in complaint.)
**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☒ No     ☒ MONEY DEMANDED IN COMPLAINT: $ According to Proof

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
This is a civil action that arises in part under the Patent Laws of the U.S., 35 U.S.C. Section 1, et seq, and the Lanham Act, 15 U.S.C. Section 1051 et seq.

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | | | ☐ 535 Death Penalty | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/ Other | |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 340 Marine | **BANKRUPTCY** | ☐ 550 Civil Rights | ☐ 740 Railway Labor Act |
| | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 22 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | **FORFEITURE / PENALTY** | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 610 Agriculture | **PROPERTY RIGHTS** |
| ☐ 810 Selective Service | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | | | ☐ 442 Employment | | ☒ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury-Med Malpractice | ☐ 443 Housing/Accommodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 365 Personal Injury-Product Liability | ☐ 444 Welfare | | **SOCIAL SECURITY** |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 445 American with Disabilities – Employment | ☐ 630 Liquor Laws | ☐ 61 HIA(1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | **REAL PROPERTY** | | | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW 405(g) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | **IMMIGRATION** | ☐ 446 American with Disabilities – Other | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 462 Naturalization Application | ☐ 440 Other Civil Rights | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determination Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | ☐ 463 Habeas Corpus-Alien Detainee | | | **FEDERAL TAX SUITS** |
| | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

**FOR OFFICE USE ONLY:** Case Number: CV 09-5611 PSG (SHx)

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CV-71 (05/08)     CIVIL COVER SHEET     American LegalNet, Inc. www.FormsWorkflow.com     Page 1 of 2

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☒ No ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☒ No ☐ Yes
If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply) ☐ A. Arise from the same or closely related transactions, happenings, or events; or
☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Orange County | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Both Eco 1st Technology Group and William Steven Lopes reside in Orange County. | |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
**Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Orange County | |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): _____ Date July 30, 2009
Ronald P. Oines

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

American LegalNet, Inc
www.FormsWorkflow.com